In re BLUE STONE REAL ESTATE, CONSTRUCTION & DEVELOPMENT CORPORATION, et al., Debtors.

Nos. 8:08–bk–05299–CPM, 8:08–bk–07228–CPM, 8:08–bk–07230–CPM, 8:08–bk–07229–CPM, 8:08–bk–07231–CPM, 8:08–bk–07227–CPM.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 27, 2008.

---

Edward J. Peterson, III, Susan H. Sharp, Stichter, Riedel, Blain & Prosser, Tampa, FL, for debtors.

Edmund S. Whitson, III, Akerman Senterfitt, Tampa, FL, for DDD Ranch, Inc.

Theresa M. Boatner, Cynthia Burnette, Denise Barnett, Patrick Tinker, Office of the United States Trustee, Tampa, FL, for United States Trustee.

## CERTIFICATION TO THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT FROM THE UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA

CATHERINE PEEK McEWEN, Bankruptcy Judge.

On August 15, 2008, the United States Trustee filed his Notice of Appeal of this Court's Amended Order Granting and Memorandum Opinion on Debtor's Emergency Motion for Order Authorizing Retention of Chief Restructuring Officer ("CRO Order") entered on August 9, 2008 (Doc. 143). A true and correct copy of the CRO Order is attached hereto as Exhibit A█ Pursuant to 28 U.S.C. § 158(d)(2)(B)(i), this Court, acting on its own motion, certifies the CRO Order for direct appeal to the United States Court of Appeals for the Eleventh Circuit because it has determined that one or more of the circumstances specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists. As the CRO Motion involves a recurring issue of statutory interpretation and is apparently a matter of first impression in the Eleventh Circuit, there is no question that the Court of Appeals will ultimately be required to determine the issues presented in the appeal.

█ The grounds for certification specified in 28 U.S.C. § 158(d)(2)(A) are:

(i) the judgment, order or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of

Supreme Court of the United States, or involves a matter of public importance;

(ii) the judgment, order or decree involves a question of law requiring resolution of conflicting decisions; or

(iii) an immediate appeal from the judgment, order or decree may materially advance the progression of the case or proceeding in which the appeal is taken.

In addition to this Court's issuance of the certification, the court of appeals must authorize the direct appeal in order for the court of appeals to have jurisdiction over the appeal.[1] 28 U.S.C. § 158(d)(2)(A)(*).[2]

■ Interim Rule 8001(f) of the Federal Rules of Bankruptcy Procedure governs the implementation of 28 U.S.C. § 158. Interim Rule 8001(f)(2) provides that "a certification that a circumstance specified in 28 U.S.C. § 158(d)(2)(A)(i)-(iii) exists shall be filed in the court in which a

1. For the parties' guidance and to avoid confusion about how to proceed, the Court directs the parties to the uncodified procedural requirements of section 1233(b)(4), (5) of the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"); these requirements apply after a certification for direct appeal has been filed. Subdivision (4) of section 1233 requires the parties to file with the court of appeals a petition requesting permission to appeal no later than ten days after a certification is entered on the docket. Subdivision (5) states that Rule 5 of the Federal Rules of Appellate Procedure, dealing with appeals by permission, is deemed to include a reference to the bankruptcy court when a reference to a district court is used. Rule 5 further provides that, when the appeal is within the court of appeals' discretion, a petition for permission to appeal must be filed. Rule 5 also provides the content of petition. The time for filing the petition referenced in Rule 5 is "within the time specified by the statute or rule authorizing the appeal, or, if no time is specified, within the time specified by Rule 4(a)," which includes various times depending on the circumstances. Fed. R.App. P. 5(a)(2). In the absence of a controlling statute or rule authorizing the appeal. Rule 4(a) dictates that the time to file the petition would be 30 days for a civil case unless the United States or an agency of the United States is a party, in which case the time would be 60 days.

There is no time for filing the petition in the codified provisions of section 1233 of BAPCPA, which are in 28 U.S.C. § 158(d)(2). Interim Rule 8001 of the Federal Rules of Bankruptcy Procedure likewise provides no time for filing the petition. The uncodified provisions of section 1233 of BAPCPA are a "statute" within the meaning of Rule 5. A statute is defined as "[a] formal written enactment of a

legislative body, whether federal, state, city, or county. An act of the legislature declaring, commanding, or prohibiting something; a particular law enacted and established by the will of the legislative department of government; the written will of the legislature, solemnly expressed according to the forms necessary to constitute it the law of the state." *Management Recruiters International, Inc. v. Bloor*, 129 F.3d 851, n. 1 (6th Cir.1997) (internal citations omitted). The act of codifying a statute or statutes is merely the process of compiling, arranging, and systematizing the laws on a given subject into an ordered code, such as the Bankruptcy Code. *See Black's Law Dictionary*, 252 (7th ed.1996). Thus, an uncodified statute is simply an act of a legislative body which has not been compiled, arranged, and systematized into an ordered code. Accordingly, the controlling time for filing the petition for permission is the ten-day period referenced in section 1233 of BAPCPA.

After December 1, 2008, an amendment to Rule 8001 will become effective to avoid any confusion regarding the deadline for the petition for permission to appeal. The amendment adds, *inter alia*, subdivision (f)(5). governing the duties of parties to an appeal after a certification is filed. Subdivision (f)(5) requires the petition to be filed within 30 days after the certification for direct appeal is filed. Rule 8001(f)(5) of the Federal Rules of Bankruptcy Procedure, as it will be amended, may be found at http://www.uscourts.gov/rules/Excerpt_BK_Report_Pub.pdf# page=135.

2. The provision requiring the authorization of the court of appeals is a "hanging" paragraph at the end of subdivision (iii) of 28 U.S.C. § 158(d)(2)(A) and is, therefore, cited as "(*)" in this certification.

matter is pending...." An appeal taken under 28 U.S.C. § 158(a)(1) or (2) is deemed to be pending in the bankruptcy court until such time as the appeal is docketed in the United States District Court in accordance with Rule 8007(b) of the Bankruptcy Rules of Bankruptcy Procedure. Interim Fed. R. Bankr.P. 8001(f)(2). Thus, unless or until the instant appeal is docketed in the United States District Court for the Middle District of Florida, it is proper for this Court, on its own motion, to certify the CRO Order for direct appeal to the Unites States Court of Appeals for the Eleventh Circuit.[3]

### ISSUES PRESENTED[4]

1. Whether a bankruptcy court is prohibited from approving a change in management of a Chapter 11 debtor by permitting the debtor in possession to engage a chief restructuring officer ("CRO") under 11 U.S.C. §§ 327, when a motion to appoint a Chapter 11 trustee under 11 U.S.C. § 1104(a) is then pending before the bankruptcy court.

---

**3.** In open court on more than one occasion, this Court invited the parties to the appeal to participate in a certification with the Court so that the certification would be a joint undertaking. This Court suggests that, to a moral certainty, the issues on appeal would eventually be heard by the Eleventh Circuit absent this Court's certification. Given the opportunity to minimize the expense to the parties, which would benefit the holders of claims and interests in these administratively consolidated cases, and to expedite the progress of these cases, the failure of the parties—or at least the appellant given his statutory duties—to act on the Court's offer is puzzling.

**4.** The United States Trustee identifies three issues in his Statement of Issues on Appeal (Doc. 190). The issues this Court believes meet the direct-appeal certification requirements are restatements of the issues numbered 2 and 3 in the Statement of Issues on Appeal. The issue numbered 1 in the Statement of Issues on Appeal addresses the Court's use of 11 U.S.C. § 105 to change the

2. Whether, pursuant to 11 U.S.C. § 1107(a), a bankruptcy court may impose limitations or conditions upon a debtor in possession in order to supplement the debtor in possession's rights. powers, and duties, which are performed by natural persons charged with managing the business of the debtor in possession, such that the CRO has sole authority to manage the debtor in possession.

### JURISDICTION OVER APPEAL OF CRO ORDER

■ Pursuant to 28 U.S.C. § 158(a), (d), a district court, at its discretion, may review interlocutory judgments and orders of a bankruptcy court, while a court of appeals has jurisdiction over only final judgments and orders arising from a bankruptcy proceeding. *Lockwood v. Snookies,* 60 F.3d 724, 725 (11th Cir.1995). Thus, whether the Eleventh Circuit Court of Appeals could take jurisdiction of an appeal of the CRO Order depends on whether the order is "final."

---

statutory authority cited by the Debtors in the motion underlying the CRO Order from 11 U.S.C. § 363 to 11 U.S.C. § 327. The Court did so because the latter allows the Court to more closely monitor the disinterestedness and compensation of the CRO. In other words, § 105 is not the basis for the approval of the engagement, but rather § 327 is. The manner in which the issue is presented in the Statement of Issues on Appeal is slightly misleading in that respect, though no doubt unintentionally so. This Court is authorized by § 105(a) to "issue orders implementing provisions of the Bankruptcy Code, [but] it does not empower the court to change the Bankruptcy Code...." *In re Roland Pugh Constr., Inc.,* 2007 WL 509225 at *4, 2007 Bankr.LEXIS 515 at *10 (Bankr.N.D.Ala. 2007). This Court does not believe that the issue involving § 105. standing alone, would warrant mandatory certification under 11 U.S.C. § 158(d)(2)(B)(i); however, it is an issue raised in the appeal, so it should travel with the two certifiable decisions or issues.

Generally, a final order or decision is "one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945). In the bankruptcy arena, the Eleventh Circuit has found that "it is generally the particular adversary proceeding or controversy that must have been finally resolved rather than the entire bankruptcy litigation." *Commodore Holdings, Inc. v. Exxon Mobil Corp.*, 331 F.3d 1257, 1259 (11th Cir. 2003).

This Court's CRO Order, being a final decision of a significant and discrete contested matter (i.e., a dispute over the authority and procedure for a debtor in possession to engage a CRO with sole authority to manage the debtor in possession, culminating in this Court's appointment of Steven S. Oscher as CRO of the Debtors over the U.S. Trustee's objection), is appealable to the United States Court of Appeals for the Eleventh Circuit. While there is no decision within the Eleventh Circuit holding that a bankruptcy court's order approving or authorizing a debtor in possession to engage a CRO constitutes a final order, this situation is analogous to an order appointing a Chapter 11 trustee. *Cf. Walden v. Walker (In re Walker)*, 515 F.3d 1204, 1210–1211 (11th Cir.2008) (holding that a bankruptcy court order appointing a Chapter 11 trustee constitutes a "final" order appealable to the Eleventh Circuit Court of Appeals). Not unlike an appeal from an order appointing a Chapter 11 trustee, it seems plain that an appeal from an order appointing a CRO cannot be meaningfully postponed until the end of a Chapter 11 case. *Id.* at 1211. If such an appeal were postponed until a plan of reorganization was confirmed, at that time there would be no satisfactory way to allow the United States Trustee to attempt to vindicate the right he believes he has to block the engagement of a CRO and move forward with the appointment of a Chapter 11 trustee because the Bankruptcy Code permits appointment a Chapter 11 trustee only before confirmation. 11 U.S.C. § 1104(a). "It would 'strain[ ] credulity to suggest that a reviewing court would jettison years of bankruptcy infighting, compromises[,] and final determinations solely for the purpose of reversing' on the issue of the identity" of the party who is to guide the debtor in possession through the Chapter 11 process. *Walker*, 515 F.3d at 1211 (quoting *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 470 (3rd Cir. 1998)). Consequently, the Court's approval of the engagement of a CRO by the Debtors in these cases is an immediately appealable final order.

## GROUNDS FOR CERTIFICATION

This Court is fully cognizant of the tremendous case load of the Eleventh Circuit Court of Appeals and does not wish to create unnecessary work. However, the issues presented in this case are ones that will recur in the Middle District of Florida and other districts throughout the Eleventh Circuit. Additionally, the issues presented in the CRO Order will impact the efficient administration of Chapter 11 bankruptcy estates until such issues are ultimately decided. As several criteria specified in 28 U.S.C. § 158(d)(2)(A) are present in the instant appeal (the two criteria of subdivision (d)(2)(A)(i) and the criterion in subdivision (ii)), a direct appeal to the Eleventh Circuit is warranted.

Initially, this Court certifies that the CRO Order involves a question of law as to which there is no controlling decision of the Eleventh Circuit Court of Appeals or

the United States Supreme Court. Additionally, the decisions within the United States addressing the issues presented in the CRO Order are in conflict. Indeed, this Court's decision is in conflict with a decision of the Bankruptcy Court for the Southern District of Florida, which is also in the Eleventh Circuit. As such, this Court certifies that resolution of the issues presented in the CRO Order requires the resolution of conflicting decisions. *See In the Matter of Gaslight Club, Inc.*, 782 F.2d 767 (7th Cir.1986) (approving replacement of debtor's president and majority shareholder as individual exercising debtor in possession powers, without appointing trustee, but where the individual who had been replaced consented); *compare In re SunCruz Casinos, LLC*, 298 B.R. 821, 832 (Bankr.S.D.Fla.2003) (if bankruptcy court determines it is appropriate to replace debtor's management, the Bankruptcy Code provides for the appointment of a trustee and does not contemplate the appointment of a "responsible person" to perform the duties of a trustee).[5]

 Finally, resolution of the legal issues presented in the CRO Order is of public importance. The decision of who is the appropriate person to navigate a corporation through the turbulent waters of a Chapter 11 case is one of the most vital decisions of the bankruptcy process. The process of reorganizing a troubled corporation is fraught with many difficult decisions that require a certain expertise of not only the business side of the operations of a debtor in possession, but also the bankruptcy process as a whole. In many instances, the decision of who will operate the debtor's business while in bankruptcy is a decision that determines whether or not the debtor will successfully emerge from bankruptcy. As a successful reorganization is advantageous to all parties in interest, there is a strong presumption in Chapter 11 cases that the debtor in possession should be permitted to remain in control of its business while in bankruptcy. *Intercat, Inc.*, 247 B.R. 911, 920 (Bankr. S.D.Ga.2000). This presumption is rooted in the understanding that the debtor in possession is most knowledgeable about its business and who should operate that business. *Id.* Accordingly, this Court certifies that it is of public importance for a corporate debtor in possession to know the outer limits of its ability to change management while operating in Chapter 11.

Accordingly, this Court hereby CERTIFIES the CRO Order for direct appeal to the United States Court of Appeals for the Eleventh Circuit.

**5.** The CRO Order is somewhat distinguishable from *SunCruz* because at the time the CRO order was entered, this Court, unlike the court in *SunCruz*, had not made a determination that a change in the Debtors' management was necessary. The change was initiated by the Debtors in possession as a reasonable reaction (indeed, one that a United States Trustee should be proud of provoking) to concerns raised by the United States Trustee. Even so, because the court in *SunCruz* rejected the holding of *Gaslight*, which involved a voluntary change in management, the rationales of the CRO order and *SunCruz* are in conflict.